# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9225 | **DATE** | December 14, 2012 |
| **CASE TITLE** | Anthony Johnson (#2012-0513191) vs. Officer Perez, et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* [#3] and orders the trust fund officer at Plaintiff's current place of incarceration to deduct $30.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The Clerk is directed to issue summonses for service on Defendants Chicago Police Officers Perez and Ortoneda and Detectives Sohleder and Garoa, and the United States Marshals Service is appointed to serve them. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, currently in custody at the Cook County Jail, has brought this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. He claims that Defendants Chicago Police Officers Perez and Ortoneda, and Detectives Sohleder and Garoa, violated his constitutional rights by subjecting him to false arrest, racial profiling and unconstitutional conditions of confinement after his arrest on May 10, 2012. The Court has reviewed the complaint as required by 28 U.S.C. § 1915A and finds that plaintiff has articulated colorable federal claims against all Defendants for false arrest, *see Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009), violation of equal protection, *see Chavez v. Illinois State Police*, 251 F.3d 612, 635 (7th Cir. 2001), and unconstitutional conditions of confinement, *see Davenport v. City of Chicago,* 653 F. Supp. 2d 885, 892-93 (N.D. Ill. 2009).

The Court grants Plaintiff's motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $30.00. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

The Clerk shall issue summons for service on Defendants Perez, Ortoneda, Sohleder, and Garoa, and the U.S. Marshal is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If Defendants can no longer be found at the work address provided by the plaintiff, the Chicago Police Department shall furnish the Marshal with Defendants' last-known addresses. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute

| STATEMENT |
|---|
| arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file and shall not be disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.<br><br>     Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants (or to defense counsel, once an attorney has entered an appearance on Defendants' behalf). Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. |