UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY L. JOHNSON, | ) |
| | ) No. 12 CV 9225 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| OFFICER PEREZ, #10546, *et al.*, | ) |
| | ) May 13, 2024 |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Plaintiff brings claims of false arrest and malicious prosecution against three Chicago police officers and the City of Chicago. Defendants move to strike Lonzo Smith as a witness and preclude him from testifying in this case because his disclosure was not timely, and the delay is neither substantially justified nor harmless. Plaintiff opposes the motion. For the following reasons, the court denies the motion but provides the relief specified below to minimize any harm Plaintiff may have caused by his untimely disclosure:

**Background**

Plaintiff accuses Defendants of unlawfully arresting and detaining and then maliciously prosecuting him "for crimes he did not commit," which ultimately led to nine years of incarceration. (R. 160, First Amend. Compl. ¶¶ 1, 27.) According to Plaintiff, at about 4:45 p.m. on May 10, 2012, as part of "an ongoing conflict between two street gangs," a passenger in Plaintiff's car, Tywan Mason, "shot and killed William Junius and Lamont Matticx in front of a house located at 5358 South

Hoyne Avenue in Chicago." (Id. ¶ 6.) Twelve shots were fired from Plaintiff's car during that incident, and Defendants arrested Plaintiff that same day. (Id. ¶ 17.) Plaintiff was indicted, and in December 2016 he was convicted of first-degree murder and sentenced to life in prison. (Id. ¶ 26.)

Plaintiff maintained his innocence, however, explaining that he "operated a freelance taxi service" at the time of the May 2012 shooting and was not a member of or associated with any gangs. (Id. ¶¶ 8, 9.) He also says he did not know that Mason was affiliated with a gang and had never seen him with a gun before that day. (Id. ¶¶ 9, 14.) Nine years after the shooting, in May 2021, the Illinois Appellate Court overturned Plaintiff's conviction, finding that his race "was the impetus for the case against" him, and there was "no reliable eyewitness testimony" or other evidence to support the conviction. (Id. ¶¶ 20, 23, 30-34, Ex. 1.)

In this case, the court ordered fact discovery to close on November 24, 2023, and emphasized that the deadline would "not be extended unless the parties [could] demonstrate that they [were] diligent in their efforts to complete fact discovery." (R. 199.) On August 26, 2023, after noting the parties' lack of diligence, the court affirmed that the November 24, 2023 deadline was "firm" and whatever discovery was "left undone by then [would] remain so." (R. 203.)

Then, on October 23, 2023, the parties jointly moved for an extension of time to complete discovery. (R. 210, Jt. Mot.) The court denied the motion, noting that the parties had completed only one deposition since the court's August 26, 2023 order, and that "[p]oor planning does not amount to good cause." (R. 211.) Fact

discovery closed as scheduled on November 24, 2023, although the court allowed a few depositions to proceed after the deadline because of scheduling issues. (See R. 223; R. 224; R. 225.)

More than two months after the close of fact discovery, on January 31, 2024, Plaintiff served a supplemental Rule 26(a)(1)(A) disclosure, identifying Smith as a fact witness for the first time. (R. 233, Defs.' Jt. Mot. at 4, Ex. A.) Plaintiff never identified Smith in his interrogatory answers, despite being asked to identify witnesses with knowledge of, and with whom he communicated regarding, allegations in this case. (Id. at 4, Exs. B, C.) Defendants object to this late disclosure.

**Analysis**

Federal Rule of Civil Procedure 16(b)(1) requires the court to "issue a scheduling order" setting deadlines for completing different stages of the case, and Rule 16(b)(4) permits modification of that schedule "only for good cause and with the judge's consent." In turn, Rule 16(f)(1)(C) allows the court to sanction a party who "fails to obey" such an order.

Rule 26(a)(1)(A)(i) requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . unless the use would be solely for impeachment." *See David v. Caterpillar*, 324 F.3d 851, 856 (7th Cir. 2003). A party must supplement or amend such disclosures "in a timely manner" if "incomplete or

3

incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.*

Rule 37(c)(1) ensures compliance with Rule 26(a) by permitting the sanction of exclusion for an untimely disclosure "unless the failure was substantially justified or is harmless." *Id.* at 856-57; *Johnson v. C.R. Bard, Inc.*, 77 F.4th 641, 646 (7th Cir. 2023) (stating that under Rule 37(c)(1), the "sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless" (citation omitted)). The district court has "broad discretion" in determining whether sanctions are warranted for a Rule 26(a) violation. *David*, 324 F.3d at 857. Explicit findings by the court are not necessary, but in deciding whether to impose sanctions the court may consider: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*

Here, Defendants argue that the court should strike Smith as a witness and bar him from testifying because Plaintiff failed to timely disclose him—and this failure is unjustified and harmful to Defendants. (R. 233, Defs.' Jt. Mot.) Plaintiff does not dispute that his disclosure was untimely, nor could he. He waited until nearly two months after the close of fact discovery to identify Smith as a witness and, as such, violated Rules 16(f)(1)(C) and 26(a) and (e). (See id. at 3-4, Ex. A.)

4

The key inquiry for the court thus turns on whether Plaintiff's failure is substantially justified or harmless.

As to substantial justification, Defendants argue that they made clear throughout discovery that Plaintiff's purported gang membership and relationship with Mason are central issues of their defense and, as such, Plaintiff was "on notice" of their theory of defense. (Id. at 5.) Defendants further point out that Plaintiff never sought leave of court to disclose Smith after the fact discovery deadline. (Id.) And Defendants assert that Plaintiff bears the burden of demonstrating that he could not have identified Smith or supplemented his Rule 26(a) disclosures before that deadline—a standard Plaintiff has not satisfied. (Id. at 5-6.)

Plaintiff responds that he had "an honest belief" that Smith, a Colorado resident, would not be available to testify and that his testimony would not be relevant to claims or defenses in this case. (R. 236, Pl.'s Resp. at 1-2, 5.) However, once Plaintiff learned during fact discovery that Defendants intend to portray him as a gang member associated with Mason, Plaintiff realized he needed a witness to attest to his non-gang status—and Smith indicated he would be available to testify on Plaintiff's behalf. (Id. at 2-3.) Plaintiff represents that he "only intends to admit [] Smith's testimony in the event that Defendants introduce evidence" regarding whether Plaintiff "was in a gang and in that context, the extent of [Plaintiff's] relationship with" Mason. (Id. at 5 ("Smith's testimony would have the limited purpose of rebutting Defendants['] arguments on those topics.").) Given these

5

circumstances, Plaintiff claims the untimely disclosure of Smith has not resulted in prejudice or surprise to Defendants. (Id. at 5-6.)

Despite Plaintiff's representations, the court finds that he could have—and should have—disclosed Smith as a witness during fact discovery, especially given the court's repeated admonitions that fact discovery would not be extended past the November 24, 2023 deadline. (R. 203; R. 211.) In his complaint, Plaintiff repeatedly asserts that he was not affiliated with gangs, (see, e.g., R. 160, First Amend. Compl. ¶¶ 5, 8, 19, 20, 23), and during fact discovery, Defendants sought to refute these allegations, (see R. 233, Defs.' Jt. Mot. at 5-6). As such, the court agrees with Defendants that "[t]here is simply no justification for disclosing [] Smith at this juncture." (R. 233, Defs.' Jt. Mot. at 6.) The untimely disclosure no doubt surprised Defendants and hampered any efforts they would have made to question witnesses about Smith.

With respect to harm, Defendants claim that, if Plaintiff had timely disclosed Smith, they would have asked Plaintiff during his deposition: who Smith is; what he knew about "the information in the disclosure [and] . . . his connection . . . to other witnesses"; where Smith resides; and whether he has documents relevant to the parties' claims or defenses, including communications with Plaintiff. (Id. at 7.) Given that fact discovery is now closed, Defendants contend they cannot cure the prejudice resulting from Plaintiff's disregard of the court's scheduling order. (Id. at 7-8); *David*, 324 F.3d at 857.

6

Plaintiff responds that the court could redress any prejudice to Defendants by reopening discovery "for the limited purpose of permitting Defendants" to depose Smith. (R. 236, Pl.'s Resp. at 6-7.) Plaintiff agrees to "make all reasonable efforts" to ensure Smith appears "voluntarily" for a deposition. (Id. at 7.) Because no trial date has been set in this case, Plaintiff asserts there will be no disruption. (Id. at 8.) And Plaintiff contends that he did not exhibit bad faith in disclosing Smith as a witness after the close of discovery. (Id. at 8-9.) Taken together, Plaintiff argues that the factors for determining harm under Rule 37(c)(1) weigh in his favor. (Id. at 9); *see also David*, 324 F.3d at 857.

As other courts in this district have noted, however, "[l]ate disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen or to extend discovery." *Hard Surface Sols., Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612, 617 (N.D. Ill. 2010); *Dunn v. Brown*, No. 20 CV 5645, 2022 WL 19323, at *3 (N.D. Ill. Jan. 3, 2022) (same). Instead, "it is the court's prerogative—indeed, its duty—to manage its caseload and to set and enforce discovery and other significant deadlines." *Hard Surface Sols.*, 271 F.R.D. at 617. Plaintiff cannot simply ignore these deadlines "and then demand[] that the court and the opposing party restructure the discovery schedule to accommodate the violation." *Id.*; *see also Dunn*, 2022 WL 19323, at *3 ("Deadlines are not suggestions to be taken lightly or complied with only as a matter of choice.").

Here, Plaintiff's indifference toward the court's scheduling order was not harmless, as it precluded Defendants from questioning Plaintiff about Smith during

7

his deposition. Nevertheless, because no trial date has been set and any harm to Defendants may be mitigated, the court reluctantly denies Defendants' motion. That said, exercising its broad discretion under Rule 16(f)(1)(C) and Rule 37(c)(1) to mitigate the harm, level the playing field, and preserve the importance of complying with court deadlines, the court permits Defendants to re-depose Plaintiff for up to 90 minutes, so that they may inquire about Smith and the significance of his testimony in this case. Plaintiff is responsible for reimbursing Defendants for any reporter appearance fees and any other out-of-pocket costs related to this second deposition. The court also permits Defendants to serve a subpoena on Smith for his deposition, and grants Defendants permission to complete this deposition at any time but no later than 60 days of the trial. Plaintiff must provide Defendants Smith's address and any other contact information and help ensure Smith appears for his deposition once he is subpoenaed. If Smith does not appear for his deposition, he is barred from offering any testimony in this case.

To further minimize the harm to Defendants, Plaintiff is barred from offering any affidavit from Smith unless Defendants deposed him prior to submitting his affidavit. To be clear, if Defendants do not depose Smith before filing their motion for summary judgment, Plaintiff may not use Smith's testimony when responding to that motion. Plaintiff is also barred from offering Smith's deposition transcript as evidence in this case unless Defendants agree to such use. Granting Plaintiff the ability to offer Smith's affidavit or use his deposition transcript as trial evidence

8

because Smith is an unavailable witness would amount to excusing Plaintiff from failing to comply with the court's scheduling order without good cause.

## Conclusion

For the foregoing reasons, Defendants' motion to strike is denied.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**

9