UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. JOHNSON, | ) | |
| | ) | No. 12 CV 9225 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| | ) | |
| OFFICER PEREZ, #10546, *et al.*, | ) | |
| | ) | May 22, 2024 |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff brings claims of false arrest and malicious prosecution against three Chicago police officers and the City of Chicago. Defendants move for sanctions against third-party witness and subpoena respondent Tywan Mason because he refused to testify at a deposition in this case despite a court order compelling him to do so. Neither Plaintiff nor Mason responded to the motion. For the following reasons, the motion is granted:

**Background**

Defendants have attempted on three separate occasions to depose Mason, a witness in this case who pleaded guilty to murder in gang-related shootings—which are part of the events underlying this action—and is serving a 20-year sentence. (R. 232, Defs.' Mot. at 2; see also R. 206, Defs.' Unopposed Mot. to Depose Mason.) According to the Illinois Department of Corrections website, Mason's "Projected Parole Date" is January 21, 2033. After seeking and receiving leave of court to depose Mason in custody, (R. 206, Defs.' Unopposed Mot. to Depose Mason; R. 207),

and providing him notice of the deposition on October 27, 2023, Defendants attempted to depose Mason on November 6, 2023, (R. 212, Defs.' Mot. to Compel at 2). Mason refused to be sworn in or to testify, claiming he was "caught off guard and did not have a lawyer." (Id.)

Defendants then moved to compel Mason's testimony and the court granted the motion. (R. 217.) On December 22, 2023, the court appeared remotely at the continued deposition and explained the background of the case to Mason, his right to retain an attorney, and his obligation to provide sworn testimony at the deposition. (Id.; R. 226.) For the second time, Mason refused to testify and requested a 30-day continuance to retain an attorney to appear for the deposition. (R. 226.) The court granted the request and ordered the parties to reschedule the deposition for early February 2024. (Id.)

On February 2, 2024, Defendants attempted to depose Mason a third time, and he again refused to answer any questions. (R. 229.) The court appeared remotely at this deposition and advised Mason that the court would consider sanctions against him if he did not testify. (Id.) He nonetheless refused. Defendants now move the court to sanction Mason for the costs they incurred attempting to secure his deposition testimony, which total $552.45, and to enter an order barring Mason from testifying in this matter. (R. 232, Defs.' Mot.)

## Analysis

Defendants contend that Mason's testimony is critical to their defense as he was an eyewitness to the underlying gang-related shootings. (See R. 206, Defs.'

Unopposed Mot. to Depose Mason; see also R. 160, First Amend. Compl. ¶¶ 6, 8-15.) Yet, as discussed, Mason has repeatedly refused to testify at his deposition scheduled initially for November 6, 2023, continued to December 22, 2023, and then to February 2, 2024. (R. 207; R. 226; R. 229.)

Federal Rule of Civil Procedure 30 provides parties "a general right to compel any person to appear at a deposition, through issuance of a subpoena if necessary." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002). The court's power to compel witness testimony is an essential function of the judicial system. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966); *United States v. Bryan*, 339 U.S. 323, 331 (1950). And the court has broad discretion in exercising its authority to secure the attendance and testimony of a witness. *See Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) ("District courts have broad discretion in supervising discovery, including deciding whether and how to sanction such misconduct[.]"). To compel a witness's attendance or testimony, the court may direct the witness to answer nonprivileged questions, explain to the witness possible consequences for not answering, ask the questions directly, or take a recess to inquire whether something is impeding the testimony. *Barnett v. Norman*, 782 F.3d 417, 423 (9th Cir. 2015).

Here, the court employed each of these methods in exercising its power to compel Mason's testimony, but Mason nonetheless refused to testify. Where, as here, the court "is unable to scale a witness's wall of silence with these tried-and-true methods," it has "a sledgehammer at [its] disposal—the contempt

3

statutes—to break through to answers." *Id*. But many of the tools used to sanction acts of contempt are unavailing here. To be sure, because Mason is in prison, standard contempt statutes permitting imprisonment to encourage testimony would be ineffective. Case dismissal similarly would be inappropriate because Mason is not a party. *See Jackson v. Murphy*, 468 Fed. Appx. 616, 619-20 (7th Cir. 2012) (discussing when case dismissal is appropriate). And while a court may impose interruption of a prison sentence during contempt, *In re Garmon*, 572 F.2d 1373, 1376 (9th Cir. 1978), the impact of this sanction in this case may not be effective as Mason is not scheduled to be placed on parole until 2033, many years after the anticipated trial in this case. There are also jurisdictional questions as to whether this court can command a state prison to suspend the credit of Mason's time in custody. Although witnesses refusing to testify for fear of self-incrimination may be granted immunity and ordered to testify, *United States v. Weinberg*, 439 F.2d 743, 746 (9th Cir. 1971), Mason has not expressed any explicit concern over the potential for self-incrimination. Besides, Mason has already pled guilty to the murders which are material to this case, is serving his criminal sentence for those murders, and has no pending appeals for his conviction for the murders.

Given the circumstances presented here, monetary sanctions are the only appropriate remedy for Mason's misconduct, which has "exceeded simple inadvertence or mistake", *Ebmeyer v. Brock*, 11 F.4th 537, 547 (7th Cir. 2021), and constitutes "willful disobedience of a court order," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). The court has the power to issue monetary sanctions for non-

4

dispositive violations relating to depositions, *Promier Prod., Inc. v. Orion Cap. LLC*, No. 21 CV 1094, 2023 WL 8868781, at *4 (N.D. Ill. Dec. 22, 2023), provided they are proportional to the circumstances, *Ebmeyer*, 11 F.4th at 547; *see also Evans v. Griffin*, 932 F.3d 1043, 1048 (7th Cir. 2019) ("[T]he gravity of the misconduct must always inform the choice of sanction.").

Here, the reimbursement of $552.45 to Defendants is warranted but this reimbursement alone is not severe enough to serve as an adequate sanction for Mason's refusal to honor the deposition subpoena. For that reason, the court also considers imposing sanctions in the form of a daily fine to encourage Mason to participate in the properly noticed deposition as soon as possible. The court will first seek to review Mason's prison trust fund account statements for the past 12 months in setting the amount of the daily fine, which will accrue from the date of this order until the earlier of Mason's agreement to and testimony in such deposition or the date this case is terminated. The sanctions are conditional, except for the reimbursement of $552.45, and the court may in its discretion return any monetary sanctions it collects upon Mason sitting for his deposition. *See Shillitani*, 384 U.S. at 368-69 (discussing the benefit of a conditional sanction as it intends to secure answers for questions asked, not to punish). Until Mason sits for a deposition, he may not offer his testimony as evidence through an affidavit or at trial unless Defendants agree to such testimony. This ruling however does not bar Defendants from asking the court to order Mason's presence through a writ to testify at trial.

5

## Conclusion

For the foregoing reasons, Defendants' motion is granted. For now, Mason is ordered to pay $552.45 to Defendants. Once the court reviews his trust fund account statements, the court will determine the daily fine amount, which starts accruing today and continues until he sits for his deposition or the entry of final judgment or termination of the case, whichever is earlier.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**